IN THE CIRCUIT COURT OF GEORGE COUNTY, MISSISSIPPI

JENNIFER GRIFFIN, M.D.,                                                    PLAINTIFF

vs.                                                              CAUSE NO. 18-85(3)

GEORGE REGIONAL HEALTH SYSTEM;
GEORGE COUNTY HOSPITAL; and,
JOHN DOES 1-10,                                                          DEFENDANTS

FILED SEP 27 2018
Chad Welford, Circuit Clerk
By: _____ D.C.

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, Jennifer Griffin, M.D., by undersigned counsel, and states her First Amended Complaint against the Defendants, George Regional Health System; George County Hospital; and John Does 1-10, in the alternative where logic dictates, as follows:

1.  Plaintiff, Jennifer Griffin, M.D. ("Dr. Griffin"), is an adult resident citizen of Mobile County, Alabama.

2.  Defendant, George Regional Health System ("System"), is a public entity of and doing business in the State of Mississippi; it is not a private corporation; its Chief Executive Officer is Greg Havard; it may be served with process as prescribed by law; and, it is not immune from suit and/or it has waived its immunity from suit, pursuant to Miss. Code. Ann. § 11-46-5.

3.  Defendant George County Hospital ("Hospital"), is, upon information and belief, a political subdivision and/or a public entity of and doing business in the State of Mississippi and is not a private corporation; it may be served with process as prescribed by law; and, it is not immune from suit and/or it has waived its immunity from suit, pursuant to Miss. Code. Ann. § 11-46-5.

4.  Defendants, John Does 1 - 10 are Fictitious Parties who are individuals and/or entities whose identities are unknown to the Plaintiff at this time, but, whom Plaintiff


EXHIBIT B

believes are culpable for the causes of action and damages claimed herein; and they may be identified and named during the course of this action.

5.  The Court has jurisdiction over this matter pursuant to Miss. Const., § 156 and Miss. Code. Ann. § 9-7-81.

6.  Venue is proper in this court pursuant to Miss. Code Ann. § 11 - 11-3 *et. seq.*

7.  At all times relevant to the matters alleged, Dr. Griffin was a medical doctor licensed and practicing in the State of Mississippi; and she was a statutory employee of Defendants System and Hospital, pursuant to Miss. Code. Ann. § 11-46-1.

8.  On or about May 5, 2017, Defendants wrongfully terminated Dr. Griffin from her employment at System and/or Hospital under the false pretext of allegations set out in a letter to Dr. Griffin, of the same date, signed by Greg Havard as CEO of System.

9.  On or about June 2, 2017, Dr. Griffin's counsel notified Defendants that said termination was unlawful, in disregard and breach of Defendants' duties under Dr. Griffin's employment contract and related law, and stated Dr. Griffin's claims specifically, requesting that Defendants correct their actions, and implement and follow their stated policies and procedures.

10. Defendants failed and refused to provide Dr. Griffin an opportunity to respond to the allegations against her, to review documents and information on which the Defendants pretextually relied in terminating her employment; and they failed and refused to honor her request for an administrative hearing and did not respond to said request.

11. The pretextual allegations stated in the above described termination letter are false pretext for the sole purpose of justifying the wrongful termination of Dr. Griffin.

12. Shortly after her termination, Defendants falsely represented to Dr. Griffin

that they had properly investigated the allegations against her; but, they deprived Dr. Griffin of her right to respond to the allegations and to participate in the investigation thereof; and Defendants' investigation was inadequate, incomplete and a sham.

13. The above described negligent and grossly negligent acts of Defendants, in terminating Dr. Griffin's employment, violate the System's and Hospital's Bylaws; Rules; Regulations; Policies; Procedures; customs and practices in place and established at the time of her termination; and federal and State of Mississippi law.

14. One of Defendants' policy documents includes an item whose Article VI, entitled "Corrective Action", provides grounds and procedures for corrective action such as termination and it requires review by an ad hoc investigating committee or an executive committee; it provides employees such as Dr. Griffin the right to address the committee and to respond to allegations of wrongdoing; to question any witnesses against her; and to obtain and evaluate documents and information on which the Defendants might rely in taking "corrective action" such as termination. But, Defendants failed and refused to provide Dr. Griffin with a meaningful opportunity to address the allegations and she was denied a hearing before an investigating committee of the System and/or Hospital.

15. At the time of her termination, Dr. Griffin reasonably expected to receive the balance of her compensation as set out in her contract for 2017; she reasonably expected to receive additional annual compensation, throughout the balance of her intended career, from renewed annual employment contracts with these Defendants, as well as other tertiary and intangible benefits associated with her employment contract; but she was deprived of all of this compensation and benefits and the termination interfered with her present and future contract rights and foreclosed future opportunities for Dr. Griffin to enter into additional employment contracts and to develop her professional career in myriad ways.

16. Defendants' negligence and gross negligence also proximately caused the following harm:

(a) They humiliated and embarrassed Dr. Griffin and caused her to suffer severe and continuing emotional distress, frustration, anger and a loss of enjoyment of the ordinary activities of life that she would otherwise have enjoyed;

(b) Their actions deprived her of the satisfaction she previously experienced from doing the good work and human service of her profession;

(c) They deprived her of the benefits of her good professional reputation and good standing in the medical profession, to which she was rightfully entitled;

(d) They, thus, deprived Dr. Griffin of the benefits of her investment of many years of costly study in post-secondary and professional school, to which she was and is rightfully entitled;

(e) Their actions damaged her reputation in her community;

(f) Their actions caused the loss of income, which, in turn, damaged her credit and her credit reputation; and,

(g) Defendants' acts caused other injuries and damages to be proved at trial.

17.     Defendants' negligently and grossly negligently discriminated against Dr. Griffin by terminating her in the manner described above on the basis of her gender and age.

18.     At all times relevant, the Defendants acted in the course and scope of their authority and employment, and the wrongdoing alleged herein is negligence and gross negligence; but, if it is proved at trial that any System or Hospital agent or employee, or any John Doe Defendant acted intentionally, maliciously or otherwise outside the course and scope of their authority and employment by System or Hospital, then those actions were taken under color of State law and made possible and facilitated by their employment or status as State actors, for which Defendants are liable under 42 U.S.C. §§ 1981, 1983 and other federal civil rights laws and amendments thereto.

### FIRST CAUSE OF ACTION: BREACH OF EMPLOYMENT CONTRACT

19.     Plaintiff incorporates by this reference every fact alleged herein.

20. At all times relevant, Dr. Griffin had an employment contract with the Defendants and she fulfilled all of her duties thereunder.

21. The Defendants breached the employment contract through their acts and omissions alleged herein and Dr. Griffin was damaged thereby as alleged herein.

22. As a result, Dr. Griffin is entitled to compensatory and consequential pecuniary and non-pecuniary damages, costs and interest pre- and post-judgment, in amounts to be proved at trial, jointly and/or severally from the Defendants.

## SECOND CAUSE OF ACTION: BREACH OF IMPLIED COVENANTS OF GOOD FAITH AND FAIR DEALING

23. Plaintiff incorporates by this reference every fact alleged herein.

24. The Defendants breached the covenants of good faith and fair dealing implied into every contract, by way of their unjustifiable acts and omissions alleged herein and Dr. Griffin was damaged thereby as alleged herein.

25. As a result, Dr. Griffin is entitled to compensatory and consequential pecuniary and non-pecuniary damages, costs and interest pre- and post-judgment, in amounts to be proved at trial, jointly and/or severally from the Defendants.

## THIRD CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff incorporates by this reference every fact alleged herein.

27. At all times relevant to Defendants' acts alleged herein, the Defendants had contractual and other duties to treat Dr. Griffin fairly and equally, without discriminating against her, and to act generally in good faith toward her.

28. Defendants' acts and omissions alleged herein breached their duties to Dr. Griffin;

and Defendants' acts and omissions proximately and directly caused pecuniary and non-pecuniary damages to Dr. Griffin, as described herein.

29. As a result, Dr. Griffin is entitled to actual and punitive pecuniary and non-pecuniary damages, costs, interest pre- and post-judgment, and attorneys' fees, in amounts to be proved at trial, jointly and/or severally from the Defendants.

## FOURTH CAUSE OF ACTION - VIOLATION OF FEDERAL CIVIL RIGHTS

30. Plaintiff incorporates by this reference every fact alleged herein.

31. To the extent which the Defendants' actions and omissions alleged herein were intentional, malicious or otherwise outside the ordinary course and scope of their duties, those intentional acts were taken under color of State law as State actors.

32. The intentional wrongdoing of the Defendants violated Dr. Griffin's rights pursuant to 42 U.S.C. §1981, to make and enforce contracts and to modify, terminate and enjoy all benefits, privileges, terms, and conditions of Dr. Griffin's contractual relationship; and to the full and equal benefit of all laws.

33. The intentional wrongdoing of the Defendants directly and proximately caused Dr. Griffin pecuniary and non-pecuniary damages as described herein.

34. As a result, Dr. Griffin is entitled to actual and punitive pecuniary and non-pecuniary damages, costs, interest pre- and post-judgment, and attorneys' fees, in amounts to be proved at trial, jointly and/or severally from the Defendants, pursuant to 42 U.S.C.A. § 1983 and other federal civil rights laws and amendments thereto.

## FIFTH CAUSE OF ACTION-INTERFERENCE WITH STATE RIGHTS

35. Plaintiff incorporates by this reference every fact alleged herein.

36. The Defendants" acts and omissions described herein unlawfully interfered with Dr. Griffin's social, civil, or political rights, pursuant to Miss. Code. Ann. § 79-1-9.

37. As a result, Dr. Griffin is entitled to actual and punitive pecuniary and non-pecuniary damages, costs, interest pre- and post-judgment, and attorneys' fees, in amounts to be proved at trial, jointly and/or severally from the Defendants.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays for the following:

1. Judgment against the Defendants on each of her causes of action;
2. Actual, consequential and punitive pecuniary and non-pecuniary damages from the Defendants, jointly and/or severally, in amounts to be proved at trial;
3. Costs and pre- and post-judgment interest taxed to the Defendants jointly and severally;
4. Attorney's fees be awarded to Plaintiff against the Defendants jointly and severally; and,
5. For all any and all other relief the Court deems just and proper.

Respectfully submitted this this 27th day of September 2018.

Donald W. Medley

Donald W. Medley
MS Bar #2832
don@medleylawgroup.com
MEDLEY LAW GROUP
902 West Pine Street
Hattiesburg, MS 39401
Tel: 601-544-8110
Fax: 601-544-8158